[No. 14982. Department One.   November 22, 1918.]

*In the Matter of the Guardianship of* NELLIE IRENE and MARIE MARGARET HOGEN, *Minors.*
C. A. STUDEBAKER *et al., Appellants,* v.
LILLIAN M. HOGEN, *Respondent.*[1]

GUARDIAN AND WARD—APPOINTMENT BY WILL — VALIDITY — STATUTES—REPEAL.   The act of 1860, Rem. Code, § 1643, providing that the father may by will appoint a guardian for his minor children, was repealed by the act of 1879, Rem. Code, § 5932, providing that, upon the father's death, the mother shall come into as complete control of the children as the father does in case of the mother's death; and makes such a provision in a father's will void.

SAME—APPOINTMENT—MOTHER.   The appointment of a mother as guardian of minor children upon the death of the father is proper where she was a suitable and proper person and there was no showing to the contrary.

SAME—APPOINTMENT—NECESSITY OF PROPERTY.   Where a father left his property to trustees for the benefit of minor children until they became of age, no guardian of their estate can be appointed, since the record discloses no estate belonging to the minors.

Appeal from an order of the superior court for Lewis county, Reynolds, J., entered June 3, 1918, denying a petition for the appointment of guardians for minors, and appointing another as guardian of their estates.   Affirmed in part and reversed in part.

*C. A. Studebaker,* for appellants.
*Forney & Ponder,* for respondent.

MACKINTOSH, J.—Richard Hogen died on April 28, 1917, and was survived by Lillian M. Hogen, the re-

[1]Reported in 176 Pac. 339.

spondent in this action, and two minor daughters. By will dated August 10, 1914, Hogen left his one-half of the community property in trust to be used for the education of his children, and appointing the appellants trustees, and also named them as guardians of both the estates and persons of the minors. The will having been admitted to probate, and the appellants having proceeded to administer the trust, they applied to the superior court in this action for the confirmation of their appointment as guardians of the estates and persons of the minors. The court refused to confirm these appointments made in the will, and appointed the mother. Appellants appeal from this order, relying on their appointment as testamentary guardians, and contending that the probate code of 1917, having been passed after the date of the will, could not affect the right which, they assert, existed at the time of the making of the will for the father to name the guardians, under Rem. Code, § 1643.

The foregoing section of the code, which was enacted in 1860, provides that a father may, in his last will, appoint a guardian for his minor children; but, as we view it, this section was repealed in 1879, by the provision which appears in Rem. Code, § 5932, wherein it is provided:

"In case of the father's death, the mother shall come into as full and complete control of the children and their estate as the father does in the case of the mother's death."

It therefore follows that the provision in Hogen's will whereby he attempted to appoint the appellants as guardians of the estates and persons of his children was void at the time of the making of the will, and it is therefore unnecessary for us to consider the

effect of § 210 of the probate code of 1917 (Laws of 1917, p. 703), which provides:

"When either parent is deceased, the surviving parent of any minor child may, by his last will in writing, appoint a guardian or guardians for his minor child."

It was not incumbent upon the court in this proceeding to confirm the appointment contained in the will, and the court was correct in determining what the best interests of the minors required in the matter of the appointment of their guardian. Having determined that the mother was a suitable and proper person, and there being no showing to the contrary, we affirm her appointment as guardian of the persons of her two daughters.

The court erred, however, in making the appointment of a guardian of their estates, for the reason that the record discloses no estates in the minors which permits the appointment of a guardian; the law being that a guardian of an estate is not to be appointed until it is shown that the prospective ward "has property in the county needing the care and attention of a guardian." By his will, Hogen left his property, not to his children, but to the appellants, as trustees, and what remains of the trust property after the terms of the trust have been fulfilled will not come into the possession of the children, by the terms of the will, until after they have become of age.

The action of the lower court will be affirmed in appointing the respondent guardian of the persons of Nellie Irene and Marie Margaret Hogen, and will be reversed as to her appointment as guardian of their estates.

MAIN, C. J., TOLMAN, CHADWICK, and MITCHELL, JJ., concur.